PER CURIAM.
On January 16, 1951, we rendered Judgment in the above entitled matter, which was as follows:
“It appears from the record that the State of Louisiana, through the Department of Highways, has been issued a public liability and property damage policy through the Great American Indemnity ■Company of New York, and that the limits of liability in said policy amount to $10,000 for each person and $30,000 for each accident. Therefore, under the circumstances, the Great American Indemnity Company of New York is claiming that the extent of their liability can not exceed the limits of their policy or $10,000.
“For the above and foregoing reasons, the judgment appealed from is hereby annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Frank Bergeron, for himself individually, and against the State of Louisiana, through the Department of Highways, Great American Indemnity Company of New York, and Jeffrey LeBoeuf, jointly and in solido in the-sum of $4853.19, with legal interest thereon from date of judicial demand until paid and-for all costs of these proceedings and that there be ■ further judgment herein in favor of the said Frank Bergeron for and on behalf of his minor son, Floyd Bergeron, against the said State of Louisiana, through the Department of Highways, Great American Indemnity Company of New York, and Jeffrey LeBoeuf, jointly and in solido in the sum of $20,000, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.
“It is further ordered, adjudged and decreed that the, entire or total limit of liability of the said Great American Indem *113 nity Company be limited herein to the amount of $10,000.”
It has been called to our attention in the application for a rehearing that the last paragraph of the decree limits the liability of the Great American Indemnity Company to the total limit of $10,000.00, and that said amount should be plus interest and court costs. Upon re-examination of the insurance policy filed in the record, we find the following provision:
“II Defense, Settlement, Supplementary Payments.
“As respects such insurance as is afforded by the other terms of this policy under coverages A and B the company 'shall * * *
“(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this’ policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such, part of such judgment as does not exceed the limit of the company’s liability thereon, and expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of accident.”
In view of the above quoted excerpt’from the insurance policy filed in the record, we are of the opinion that our original decree rendered on January 16, 1951, should be corrected so as to read as follows :
“For the above and foregoing reasons, the judgment appealed from is hereby annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Frank Bergeron, for himself individually, and against the State of Louisiana, through the Department of Highways, Great American Indemnity Company of New York, and Jeffrey LeBoeuf, jointly and in solido in the sum of $4853.19, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings arid that there be -further judgment herein in favor of the said' Frank Bergeron for and on behalf of his minor son, Floyd Bergeron, against the said State of Louisiana, through the Department of Highways, Great American Indemnity Company of New York, and Jeffrey LeBoeuf, jointly arid’in solido in the sum of $20,000.00, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.
“It is further ordered, adjudged and decreed that the entire or total limit of liability of the said Great American Indemnity Company be limited herein to the amount of $10,000.00, plus interest and court costs.”
Original judgment re-instated as amended herein and application for rehearing denied.